UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

In re:

Rtech Fabrications, LLC

    Debtor-in-Possession.

Case No.: 21-20048-NGH

Chapter 11

**ORDER CONFIRMING THE DEBTOR'S FIRST AMENDED
SUBCHAPTER V PLAN OF REORGANIZATION**

This matter came before the Court on October 13, 2021 at 1:30 p.m., to consider confirmation of the First Amended Plan of Reorganization Subchapter V (the "Plan") (Docket No. 130) filed on August 23, 2021, by the Debtor, Rtech Fabrications, LLC, ("Rtech"). In connection with the confirmation of the Plan, the Court has considered the evidence presented as well as the record of this case, including testimony at the hearing, arguments made, and evidence presented. Having considered that all but one of the classes of creditors that were required to vote on the Plan have accepted the Plan, and objections to confirmation of the Plan have been overruled, after notice and a hearing, the Court finds and concludes as follows:

**FINDINGS OF FACTS & CONCLUSIONS OF LAW**

    A.    **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, and the Federal Rules of Bankruptcy Procedure ("FRBP").

    B.    **Venue**. Venue before the Court is proper under 28 U.S.C. §§ 1408 and 1409.

    C.    **Notice**. Due, adequate, and sufficient notice, of the Plan and the Order setting a hearing on confirmation (Docket Nos. 130 and 133) were served upon all creditors, interest holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of

all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the FRBP, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the Confirmation Deadlines was necessary or required.

        D.      **Objections to Confirmation**. Counsel for creditor Neville/The Man Spot, was not present at the hearing. No evidence was presented, and no argument was made opposing the Plan by Neville, and the objection was overruled.

        E.      **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

        F.      **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**. The Plan specifies all classes or claims or interests are impaired under the plan.

        G.      **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

        H.      **No Discrimination – 11 U.S.C. § 1123(a)(4)**. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

        I.      **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**. Article 7 of the Plan, as supplemented herein, provides adequate means for the Plan's implementation.

J.	**Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**.  The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

K.	**Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**.  Article 6 of the Plan, pursuant to 11 U.S.C. § 365, provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtor not previously rejected under such section.  This Order contains provisions that augment Article 6.

L.	**Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**.  Each of the provisions of the Plan are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

M.	**Subchapter V Plan Requirements – 11 U.S.C. § 1189**.  The Plan complies with 11 U.S.C. § 1189 because it was filed by the Debtor not later than 90 days after the order for relief under Chapter 11.

N.	**Contents of a Subchapter V Plan – 11 U.S.C. § 1190**.  In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtor to make payments under the proposed plan for reorganization.  The Plan provides for the submission of all or such portions of the future earnings or other future income of the Debtor to the supervision and control of the Trustee as is necessary for the execution of the Plan.

O.	**Satisfaction of Conditions – 11 U.S.C. § 1191(b)**.  The Court finds that the Plan satisfies the relevant provisions of 11 U.S.C. § 1129(a) and, as a result, is a confirmable Subchapter

V plan under 11 U.S.C. § 1191(b). With respect to the relevant provisions of 11 U.S.C. § 1129(a), the Court finds and concludes as follows:

1. **11 U.S.C. § 1129(a)(1) and (a)(2)**. The Plan and the Debtor comply with the applicable provisions of the Bankruptcy Code.

2. **11 U.S.C. § 1129(a)(3)**. The Plan was proposed in good faith and not by any means forbidden by law.

3. **11 U.S.C. § 1129(a)(4)**. Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4. **11 U.S.C. § 1129(a)(5)**. The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the Debtor, and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders, and with public policy; and the Plan proponent has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

5. **11 U.S.C. § 1129(a)(7)**. The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan, or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

6. **11 U.S.C. § 1129(a)(9)**. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that:

a. With respect to a claim of a kind specified in 11 U.S.C. §§ 507(a)(2) or 507(a)(3), on the Effective Date of the Plan, the holder of such claim will receive on account of such claim cash equal of the allowed amount of such claim;

b. With respect to a class of claims of a kind specified in 11 U.S.C. §§ 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7), each holder of a claim of such class will receive:

i. If such class has accepted the Plan, deferred cash payments of a value, as of the Effective Date of the Plan, equal to the allowed amount of such claim; or

ii. If such class has not accepted the Plan, cash on the Effective Date of the Plan equal to the allowed amount of such claim;

c. With respect to a claim of a kind specified in 11 U.S.C. § 507(a)(8), the holder of such claim will receive on account of such claim regular installment payments in cash:

i. Of a total value, as of the effective date of the Plan, equal to the allowed amount of such claim;

ii. Over a period ending not later than 5 years after the date of the order for relief under 11 U.S.C. §§ 301, 302, or 303; and

iii. In a manner not less favorable than the most favored nonpriority unsecured claim provided for by the Plan (other than cash payments made to a class of creditors under 11 U.S.C. § 1122(b)); and

    d. With respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under 11 U.S.C. § 507(a)(8), but for the secured status of that claim, the holder of that claim will receive on account of that claim, cash payments, in the same manner and over the same period, as prescribed in subparagraph (c).

  7. **<u>11 U.S.C. § 1129(a)(10)</u>**. If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the plan by any insider.

  8. **<u>11 U.S.C. § 1129(a)(11)</u>**. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

  9. **<u>11 U.S.C. § 1129(a)(12)</u>**. All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the Plan.

  10. **<u>Principal Purpose of the Plan – 11 U.S.C. § 1129(d)</u>**. The principal purpose of the plan is not the avoidance of taxes.

Accordingly, the Court **ORDERS**:

  1. **<u>Confirmation</u>**. The plan is confirmed under 11 U.S.C. § 1191(b).

  2. **<u>Binding Effect of Plan</u>**. Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the Debtor, any creditor, or equity security holder, whether or not the claim or interest of such creditor, or equity

security holder, is impaired under the plan and whether or not such creditor, or equity security holder, has accepted the Plan.

3. **Re-vesting of Property**. Under 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Debtor. Except as provided in 11 U.S.C. §§ 1141(d)(2) and (3) and except as otherwise provided in the Plan or in this Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors, and equity security holders.

4. **Post-Confirmation Operation of Business**. Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtor may operate its business in the ordinary course.

5. **Injunction and Discharge**. Except as otherwise expressly provided in the Plan or in this Confirmation Order, as of the Effective Date: Confirmation of this Plan does not discharge any debt provided for in this Plan until the Court grants a discharge on the completion of all payments due within the first 3 years of this Plan, or such longer period not to exceed 5 years. The Debtor will not be discharged from any debt (i) on which the last payment is due after the first 5 years of the Plan, or as otherwise provided in § 1192; or (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure. To the extent the Plan discharge provisions set forth in section 9.8 of the Plan are inconsistent with this Confirmation Order or the Bankruptcy Code, this Order and the Bankruptcy Code, including 11 U.S.C. § 1141(d), control.

**Permanent Injunction**. **Except as otherwise expressly provided in, or permitted under, the Plan, that all claimants and persons who have held, hold or may hold claims that existed prior to the Effective Date, are permanently enjoined on and after the**

**Effective Date against the: (i) commencement or continuation of any judicial, administrative, or other action or proceeding against the Debtor on account of claims against the Debtor, (ii) enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree, or order against the Debtor or any property; or (iii) creation, perfection or enforcement of any encumbrance of any kind against the Debtor arising from a claim. This provision does not enjoin the prosecution of any claims that arise on or after the Effective Date nor does it enjoin the determination in the Bankruptcy Court of the amount of any claims that arose prior to the Effective Date. Claimants and parties asserting entitlement to payment of administrative claims incurred prior to the date of Confirmation, except for any administrative expenses of professionals and the Subchapter V Trustee, shall be permanently enjoined from asserting any Claim against the Debtor or their retained assets based upon any act or omission, transaction or other activity that occurred prior to the Confirmation date, except as otherwise provided in the Plan, whether or not a proof of claim or interest was filed and whether or not such claim or interest is allowed under Section 502 of the Code.**

**<u>Exculpation.</u>  Except as otherwise provided in the Plan, the Debtor and the professionals for the Debtor and the Subchapter V Trustee shall neither have nor incur any liability to any entity or person for any act taken or omitted to be taken (exclusive of an act constituting fraud, gross negligence or intentional misconduct) in connection with or related to this Chapter 11 case, including, without limitation, actions related to the formulation, preparation, dissemination, implementation, administration, Confirmation or consummation of the Plan, or any contract, instrument, release or other agreement or document created or entered into in connection with the Plan.**

6. **United States Trustee Guidelines**.  The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

7. **Effect of Confirmation Order on Plan**.  The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan.  To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

8. **Executory Contracts and Leases**.  Except as otherwise provided in a separate order of the Court, all executory contracts and unexpired leases not otherwise assumed are deemed rejected as of the Effective Date.

9. **Service of Confirmation Order**.  Counsel for Debtor is directed to serve a copy of this Order on the parties set forth in the Master Mailing List and file a certificate of service within five (5) days of the entry of this Order.

10. **Documents Required to Effectuate Plan**.  The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

11. **Modification After Confirmation**. Under 11 U.S.C. § 1193(c), the debtor may modify the plan at any time within 3 years, or such longer time not to exceed 5 years, as fixed by the court, but may not modify the plan so that the plan as modified fails to meet the requirements of § 1191(b) of this title.  The plan as modified becomes the plan only if circumstances warrant

such modification and the court, after notice and a hearing, confirms such plan, as modified, under § 1191(b).

12. **Jurisdiction**.  The Bankruptcy Court retains jurisdiction to:

    a.    Resolve issues with respect to the Debtor's substantial consummation of the Plan and to the extent the Debtor seeks to amend or modify the plan;

    b.    Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation, or relate to any settlements of disputed claims in this case;

    c.    Adjudicate objections to claims;

    d.    Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;

    e.    Adjudicate modifications of the plan under 11 U.S.C. § 1193;

    f.    Review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree;

    g.    To consider fee applications and payment of professional fees; and

    h.    Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

13. **Specific Supplements and Modifications to Plan:**

    a.    Article 7, Paragraph 7.1 is supplemented as follows:

- The sale of The Grey Matter, which should bring $250,000.00 to $350,000.00;
- The sale of the Toterhome, which should bring $30,000.00 to $40,000.00;
- The sale of the car hauler, which should bring $15,000.00 to $20,000.00;
- The sale of the dragster trailer, which should bring $10,000.00;
- The sale of the firetruck, which should bring $12,000.00;
- The sale of the BMW, which should bring $7,000.00;
- The sale of excess inventory and equipment, which should bring between $20,000.00 to $30,000.00
- Sale of the above described property shall occur within 180 days of final entry of the Plan confirmation Order, after further notice and hearing, which may be on shortened notice if circumstances warrant.

       Class 6 Equity Security Holders Randall and Dru-Ann Robertson shall transfer title to "The Duke" to the Rtech Chapter 11 bankruptcy estate on or before the effective date of the Plan."

    b.     As to Aramark claim in Class 3:

Aramark's allowed claim to cure the lease default is $531.05.  Rtech shall pay the cure amount on or before the Effective Date of the Plan.

    c.     As to Aramark claim in Article 6, Paragraph 6.1:

Aramark shall assume the remaining lease for the uniforms.

    d.     Additional Changes to Plan:

Paragraph 7.1 reads: "The Debtor shall pay its net discretionary income into this Plan, which amount may vary on a quarterly basis."  This will be modified to read " The Debtor shall pay its net discretionary income into this Plan, which amount may vary on a monthly basis."

    e.     Paragraph 3.3 shall be modified as follows. "Notwithstanding any provision of the Plan to the contrary, administrative expenses shall be paid in the full on the later of: (a) the Effective Date of the Plan; or (b) upon entry of an order approving such attorney's fees and costs."

    f.     As to Catt Claim:

       1.     If the Motion to Approve Compromise and Settlement (Document No. 148) is in all respects approved, it shall be incorporated by reference into this Plan Confirmation Order, to wit:

       2.     Jerry W. Catt's claim is in the amount of $150,000.00, net of the reduction of $4,600.00, as set forth in Document No. 135, for a total of $145,400.00.  Article 2, paragraph 2.6, is so amended, as to this Class 3a claim.  Class 3a is allowed.

       3.     Article 4, paragraph 4.1, is amended to reflect the claim in the amount of $145,400.00, which is an allowed claim.  No further objections shall be made to the Catt claim.

       4.     Further terms set forth in the Stipulation for Settlement are incorporated by reference as modifications to the Plan pursuant to this Plan Confirmation Order.

//end of text//

DATED: October 28, 2021



NOAH G. HILLEN
U.S. Bankruptcy Judge

Submitted by: /s/ Bruce A. Anderson
Elsaesser Anderson, Chtd.
Attorneys for Debtor-in-Possession

Approved as to form and content

*/s/ Kevin O'Rourke*
Kevin O'Rourke
Subchapter V Trustee

*/s/ Jason Wing*
Jason Wing
Attorney for Jerry W. Catt, Jr.

*/s/ Sheila Schwager*
Sheila Schwager
Attorney for Aramark